IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Rhonda Spa, | ) | Case No. 1:24-cv-00031-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Aiken/Barnwell Counties Community Action Agency, Inc., | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on a motion to dismiss filed by Defendant. [Doc. 5.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Shiva V. Hodges for pre-trial proceedings. On March 1, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Defendant's motion to dismiss be granted. [Doc. 12.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 20.] On April 12 and 26, 2024, Plaintiff filed objections to the Report and Defendant filed a reply. [Docs. 18; 19.]

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of only those portions of the Report

that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## **BACKGROUND**

The Magistrate Judge provided an accurate and thorough recitation of the facts and, therefore, the Court includes only the factual information necessary to address Plaintiff's objections.

Plaintiff is a former employee of Defendant who alleges that she was terminated for failing to comply with Defendant's COVID-19 vaccine requirement. [Doc. 1-1 ¶¶ 11, 26–27.] Plaintiff alleges that she had submitted a religious-accommodation form and attached a one-page religious-accommodation request (the "Form and Request"), but that Defendant summarily denied her request and ultimately terminated her as a result of her not receiving the vaccine. [*Id.* ¶¶ 19–22.] In her Complaint, Plaintiff asserts three claims under Title VII of the Civil Rights Act of 1964 ("Title VII"): (1) failure to accommodate religious beliefs, (2) disparate treatment based on religion, and (3) retaliation. [Doc. 1-1 ¶ 28–56.] Defendant subsequently filed a motion to dismiss for failure to state a claim, attaching the Form and Request. [Docs. 5; 5-3.]

**DISCUSSION**

The Magistrate Judge concluded that no cause of action states a claim for which relief can be granted.  [Doc. 12.]  The Magistrate Judge analyzed Plaintiff's failure-to-accommodate claim under a burden-shifting scheme similar to the one in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  [*Id.* at 7–8.]  Under that scheme, Plaintiff first was required to establish a prima facie case by pleading:  "'(1) [she] has a bona fide religious belief that conflicts with an employment requirement; (2) [she] informed the employer of this belief; [and] (3) [she] was disciplined for failure to comply with the conflicting employment requirement.'"  [*Id.* at 8 (third alteration in original).]  As the Magistrate Judge noted, "determining whether a plaintiff has a 'bona fide religious belief' is a two-pronged inquiry: a court must determine whether the employee's belief is 'religious' in nature, as opposed to social, political, or economic views or personal preferences, and whether that belief is 'sincerely held.'"  [*Id.* (quoting *United States v. Seeger*, 380 U.S. 163, 185 (1965)).]

The Magistrate Judge considered the Form and Request in evaluating Defendant's motion to dismiss because they were "'integral to and explicitly relied on in the complaint'" and their "authenticity is unchallenged."  [*Id.* at 3–4 n.1 (quoting *Copeland v. Bieber*, 789 F.3d 484, 490 (4th Cir. 2015)).]  Taking the allegations in the Complaint as true and considering the Form and Request, the Magistrate Judge concluded :

> [Plaintiff's] proffered and primary reasons for refusing the COVID-19 vaccine are based on "[e]vidence [that] shows that the Covid vaccines do not prevent the spread of the Covid-19," as well as her assertions that she 'firmly believe[s] that the Covid-19 vaccine ingredients contain contaminants that are harmful to [her] body" and that the vaccine is dangerous

3

> in that [it is] new, formulated differently from previous vaccines, and insufficiently or ineffectively tested.

[Doc. 12 at 13 (most alterations in original); *see id.* at 6–7.]  In the Form and Request, Plaintiff asserted that her belief that she had a duty to avoid harming her body was based on her born-again-Christian religion.  [Doc. 5-3 at 2–4.]  However, the Magistrate Judge concluded after a review of case law that when an employee's objection to a COVID-19 vaccine requirement is that compliance would harm her body, that objection is not based on a bona fide religious belief even though her religion is the basis for her belief that she must not harm her body, particularly when the employee does not object to vaccines generally.  [Doc. 12 at 9–15.]  For that reason, the Magistrate Judge recommends that Plaintiff's failure-to-accommodate claim be dismissed for failure to state a claim.  [*Id.* at 15.]

The Magistrate Judge also recommends that Plaintiff's disparate treatment claim be dismissed because she has not plausibly alleged that she was treated differently than other employees as a result of her religious beliefs.  [*Id.* at 15–17.]  Finally, the Magistrate Judge recommends that Plaintiff's retaliation claim be dismissed because she has not alleged that she was terminated for requesting a religious accommodation but rather has alleged that she was terminated for failing to comply with her employer's vaccine requirement.  [*Id.* at 17–18.]

In her objections, Plaintiff challenges only the recommendation to dismiss the failure-to-accommodate claim.[1]  [Doc. 18 at 1 & n.1.]  Plaintiff argues that the Magistrate

---

[1] Neither party has objected to the Magistrate Judge's recommendation that the motion to dismiss be granted concerning the disparate-treatment and retaliation claims.  Having reviewed the Report, the record in this case, and the applicable law regarding these two

4

Judge applied an incorrect standard in determining whether Plaintiff plausibly alleged that she proffered a bona fide religious belief that conflicts with an employment requirement. [*Id.* at 7–15.] Plaintiff also contends that the Magistrate Judge erred in going beyond the four corners of the Complaint to consider the Form and Request. [*Id.* at 15.] Plaintiff further maintains that the Magistrate Judge wrongly identified the reasons that she provided to Defendant as the basis for her accommodation request and wrongly concluded that she failed to adequately allege the first element of a prima facie case. [*Id.* at 15–21.] In making that argument, Plaintiff suggests that the Magistrate Judge's analysis conflicts with the proposition that whether a belief is sincerely held is a jury question and she argues that the Magistrate Judge weighed the facts and drew inferences in favor of Defendant, which would be improper in resolving a motion to dismiss. [*Id.* at 14, 18–20.] Plaintiff also indicates that she "may have" based her objection to the vaccine requirement partly on her objections to abortion and the use of fetal cell lines in the creation of the vaccine. [*Id.* at 20–21.] Finally, Plaintiff argues that the Magistrate Judge should have recommended that she be given leave to amend her Complaint. [*Id.* at 21–22.]

The Court overrules Plaintiff's objections. First, for the reasons set forth by the Magistrate Judge [Doc. 12 at 3–4 n.1], the Court disagrees with Plaintiff's objection that the Magistrate Judge erred in considering the Form and Request.

Second, for the reasons outlined by the Magistrate Judge in the Report [*id.* at 8–15], the Court also disagrees with Plaintiff's arguments that the Magistrate Judge applied

---

claims, the Court finds no clear error. Thus, the Court accepts the Report with respect to those claims and incorporates those portions of the Report by reference.

an incorrect standard, wrongly interpreted the reasons she communicated to Defendant as the basis of her accommodation request, weighed facts and drew inferences in Defendant's favor, and wrongly concluded that Plaintiff failed to plausibly allege a prima facie case.  As in *Ellison v. Inova Health Care Services*, No. 1:23-00132-MSN-LRV, 2023 WL 6038016, at *5 (E.D. Va. Sept. 14, 2023), relied upon by the Magistrate Judge, although Plaintiff communicated to Defendant that her Christian religious beliefs compelled her to care for her body, her failure-to-accommodate claim fails because her refusal to take the vaccine was based on her belief that the vaccine is unsafe and ineffective, not a bona fide religious belief.

The Court further disagrees with Plaintiff's argument that the Magistrate Judge's analysis conflicts with the proposition that whether a religious belief is sincerely held is a jury question.  Because the Magistrate Judge concluded that Plaintiff did not plausibly allege that the belief that she asserted in support of her request for accommodation was a religious belief within the meaning of the applicable test, she had no occasion to consider whether Plaintiff adequately alleged that her belief was sincerely held.

The Court also disagrees with Plaintiff's suggestion that the Magistrate Judge erred in failing to recognize that Plaintiff informed her employer that she sought an accommodation partly on the basis of her beliefs relating to abortion and her concerns that the vaccine in question was developed using fetal cell lines.  As the Magistrate Judge explains, Plaintiff's objections in the Form and Request were based on concerns about her own body.  [*Id.* at 9, 13.]  Nothing in her communications to her employer indicated or even hinted that Plaintiff had any other concern about receiving the vaccine.  [Doc. 5-3.]

Finally, the Court disagrees with Plaintiff's contention that the Magistrate Judge erred in not recommending that she be given leave to amend her Complaint if the Court concludes that she has failed to state a failure-to-accommodate claim. The Court concludes that any such amendment would be futile.[2] The Form and Request state what they state, and, for the reasons the Magistrate Judge discussed, they would preclude her from stating a failure-to-accommodate claim, regardless of what she might allege in an amended complaint.

In sum, the Court finds Plaintiff's objections unavailing for the reasons discussed. Accordingly, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Thus, Defendant's motion to dismiss [Doc. 5] is GRANTED and the action is DISMISSED with prejudice.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

May 22, 2024
Columbia, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] At this point in the case, Plaintiff would be entitled to amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although the text of Rule 15(a)(2) requires that the Court "freely give leave [to amend] when justice so requires," *id.*, "a district court may deny leave to amend if the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile," *United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013) (internal quotation marks omitted).